HENTZE v. MARJENHOFF.

1. HUSBAND AND WIFE—SUPPORT—PROVISION.—Where differences have arisen between husband and wife, one-half of the rents of his property are paid over by the receiver to the wife, she has a good bank account, and the husband has deposited $75 with a grocer for supplies for the family, these matters must be considered by a jury when passing upon a claim against the husband for necessaries purchased by the wife for the family, in determining whether a proper support has been provided.

Before IZLAR, J., Charleston, July, 1893.

Action by A. W. Hentze against Johannes M. Marjenhoff, commenced May 23, 1893. Plaintiff was a brother-in-law of defendant's wife, and knew of the differences and litigation between the husband and wife. The judge charged the jury, among other things, as follows:

The plaintiff, A. W. Hentze, brings this action against the defendant to recover $225.76, alleged to be the price of goods furnished and delivered to Mrs. Marjenhoff and children, the wife and children of the defendant, between September 26th, 1892, and the 3d of May, 1893. I charge you that it is the duty of the husband to support his family. It is incumbent upon him to do so, and when the husband and wife live separate and apart, and one supplies the family with necessaries, the husband, having failed to do so, is responsible to the party so supplying the necessaries to his wife and children.

The main questions for your consideration are: were the goods furnished by Mr. Hentze to the wife and family of Mr.

Marjenhoff, he having failed to provide for their support; and secondly, if you conclude that the goods were furnished by the plaintiff, were they necessaries? Now, ordinary family supplies, ordinarily used in the family, are necessaries, because they go to maintain, and support, and keep up the family. They cannot remain there and starve; if the husband fails to make provision for them, everything necessary for their proper maintenance and support, according to their station in life, would be necessaries. You are to pass upon these questions, and if the evidence satisfies your mind that the goods were furnished by Hentze to his wife and children, and they were necessaries, and that he had failed to make provision for their support and maintenance, your verdict should be for the plaintiff for the amount which you find were necessaries. If, on the other hand, you conclude that Mr. Marjenhoff made provision for his wife and children, and that they could have obtained what they needed from the place provided by the defendant, and they failed or refused to get the goods there, when they could have got them, then Mr. Hentze could not recover in this action, because the defendant would then have made proper provision for his family. The plaintiff must make out his case by the preponderance of the evidence before he is entitled to a verdict. Now, these matters relating to the several other suits which have been brought, have nothing to do with this case.

*Mr. W. H. Thomas,* for appellant.

No counsel contra.

October 30, 1894. The opinion of the court was delivered by

MR. JUSTICE POPE. This was an action brought by the plaintiff against the defendant in the Court of Common Pleas for Charleston County, in this State, to recover from the defendant the sum of $225.76, for supplies furnished by the plaintiff to the wife and infant children of defendant, between the 26th day of September, 1892, and 2d day of May, 1893. Such recovery was resisted by the defendant. The action came on for trial before his honor, Judge Izlar, and a jury at the July

Term, 1893, of the Court of Common Pleas for Charleston County. A verdict was rendered by the jury in favor of plaintiff, and after entry of judgment thereon, the defendant appealed on various grounds. It will be unnecessary for us to consider all the exceptions of the appellant; as, in our judgment, there must be a new trial, and it is needless to examine all of the reasons of defendant why he is entitled to have the judgment below reversed.

The Circuit Judge was entirely correct in charging the jury, that, under the laws of this State, it was the primary duty of the husband and father to provide the means for the support and maintenance of his wife and minor children. As recently as *Brown* v. *Thomson*, 27 S. C., 508, that doctrine of the common law was reaffirmed by this court, notwithstanding the changes wrought in our organic and statute law touching a wife's separate property. While, therefore, the Circuit Judge committed no error in the particular specified, his charge was calculated to prejudice the rights of the defendant very seriously, when he stated to the jury, "that the matters relating to several other suits which have been brought have nothing to do with this case." It seems, from the testimony, that the husband and wife were not living happily together; that although living under the same roof, they occupied separate apartments; that the wife indulged in very abusive language of her husband to others; that she had his property put in the hands of a receiver, and one-half of the rents of his property had been ordered to be paid to her by the receiver; that she had a bank account of $800; that the husband had paid into the hands of a grocer $75 in cash, to be used in furnishing supplies to his family; that such grocer had informed the daughter that supplies could be had on the order of the husband and father.

We cannot agree with the Circuit Judge that the fact that this wife had caused her husband's property put into the hands of a receiver, and that receiver ordered to pay to her one-half of the rents and profits, had nothing to do with this case, wherein the duty of the husband to maintain his wife and minor children was being investigated. It seems to us that if

the rents and profits of the husband's property to the extent of one-half thereof was paid to this wife, that such payment must necessarily enter into the solution of the performance by the husband of his duty in maintaining his wife and minor children. We cannot see, under ordinary circumstances, how the court could by its order take from the husband any of his property to give to the wife, unless it was for her support and maintenance. No extraordinary circumstances were shown to exist in this case. Certainly the wife, from her own testimony, was well supplied with money, she having testified that she had $800 in cash in bank. It should always be borne in mind that under our theory of the married relation, the husband is the head of his family, and as such is entitled to maintain his authority. It is only when he has abused his high prerogative, by descending to a pitiless disregard of the solemn duties imposed upon him by nature and by law towards his wife, that courts will interfere and restrict the exercise by him of the management of his domestic expenses. As before remarked, the Circuit Judge took the question from the jury, whether in the payment of one-half of the rents and profits by the receiver to his wife, a proper sum was not provided for her support and maintenance by the husband, and we think this will necessitate a new trial.

We prefer not to decide any other questions, but leave them all open for an investigation in the new trial. We can but hope that time may have already brought peace to this family, so that no further contention in the courts may be had. This is but the expression of a hope, and is not intended to indicate any disapproval of the exercise by an injured wife of her undoubted right to appeal to the law for that protection that the husband refuses her in a proper case.

It is the judgment of this court, that the judgment of the Circuit Court be reversed, and that the cause be remanded to the Circuit Court for a new trial.